**NEW CASTLE COUNTY EDUCATION ASSOCIATION, Plaintiff,**

v.

**BOARD OF EDUCATION OF the NEW CASTLE COUNTY SCHOOL DISTRICT, Defendant.**

Civ. A. No. 79–205.

United States District Court, D. Delaware.

Oct. 15, 1979.

Sheldon N. Sandler, Bader, Dorsey & Kreshtool, Wilmington, Del., for plaintiff.

David H. Williams, Morris, James, Hitchens & Williams, Wilmington, Del., for defendant.

## OPINION

MURRAY M. SCHWARTZ, District Judge.

This suit, brought by the New Castle County Education Association ("NCCEA"), challenges the Board of Education of New Castle County School District's ("NCCSD" or "Board") recently promulgated "Rules of Procedure for the Conduct of Termination Proceedings" ("Rules"). The NCCEA seeks an injunction against the use of these Rules, as well as a declaratory judgment that they violate Delaware State law and the United States Constitution. NCCSD has brought a motion to dismiss the complaint on the grounds that it presents no case or controversy.[1] For the reasons set forth below, the motion will be granted.

### 1. FACTS

In the spring of 1979, the Board promulgated the Rules presently at issue. In so doing, it repealed its previously adopted "Rules of Procedure for the Conduct of Teacher Termination Hearings." The new procedures apply to the termination of teachers and other personnel with a right to continued employment.

Plaintiff NCCEA is the exclusive negotiating representative of teachers employed by NCCSD, having been selected pursuant to 14 *Del.C.* § 4004 (1978). The challenge to the Rules presented by the plaintiff is based upon statutory and constitutional grounds. Specifically, it alleges that the Rules, by providing for a hearing conducted by a Hearing Officer designated by the Board, contravene 14 *Del.C.* § 1413. NCCEA further claims that specific provisions of the Rules are arbitrary and therefore violate the procedural due process rights of its members.[2]

### II. DISCUSSION

The standard to be applied in this case has been established by the Supreme Court

---

1. For purposes of ruling on this motion to dismiss, the Court accepts as true all material allegations of the complaint and construes the complaint in favor of the complaining party. *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

2. The specific provisions challenged are the requirement that an employee respond to the Hearing Officer's report, if he desires to do so, or request an extension of time in which to

respond, within three days after receipt of the hearing transcript (Doc. No. 1, Exhibit A, ¶¶ 5B, 5C) and the provision deeming receipt of documents to occur no later than on the third day following the mailing of such documents by registered mail (Doc. No. 1, Exhibit A, ¶ 6A). The complaint further alleges that the Rules do not state whether the hearing shall be open to the employee and his representative, or whether a right of appeal is available to employees.

in *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941):

> [T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

312 U.S. 270 at 273, 61 S.Ct. 510 at 512.[3]

The parties are in agreement that, as of the date of oral argument in this matter, the Board has neither terminated a tenured teacher nor initiated termination proceedings against a tenured teacher. It is possible, therefore, that no tenured teacher will ever be terminated, or that the Rules in question will be modified, not strictly enforced or repealed, as the Board has done on at least one prior occasion. It appears, then, that resolution of the issues presented by this case is based upon events or determinations which may not occur. Understandably, this circumstance is an important factor in determining ripeness. *See A/S Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.*, 559 F.2d 928 (4th Cir. 1977).

In its brief, NCCEA cites two Supreme Court decisions in support of its contention that this dispute is ripe. These cases are distinguishable, however, from the instant case. In *Lake Carriers' Association v. MacMullan*, 406 U.S. 498, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972), several operators of Great Lakes cargo vessels challenged a Michigan pollution statute. The Court found this dispute to be ripe because the statute imposed a current obligation on the plaintiffs to install sewage storage devices, one that carried with it a present risk of enforcement by state officials. Unlike this case, NCCEA has not alleged that any current obligations have been imposed upon its members by the NCCSD Rules or that en-

forcement of these Rules against any member has been initiated or has even been threatened.

In *Super Tire Engineering Co. v. McCorkle*, 416 U.S. 115, 94 S.Ct. 1694, 40 L.Ed.2d 1 (1974), the Court held that a dispute concerning the constitutionality of a New Jersey statute permitting employees to receive welfare benefits while on strike against their employer was justiciable, notwithstanding the cessation of the strike against the plaintiff. The Court found that the provision affected the ongoing collective bargaining relationship between the parties by exerting an influence upon any future decision by the employees to strike. Since the governmental policy in question cast a present adverse effect upon the interest of the plaintiff "by its continuing and brooding presence," the Court found the case to be ripe for adjudication.

Although NCCEA's complaint does not allege such an effect upon the interests of its members as a result of the promulgation of the Board's Rules, counsel for NCCEA asserted at oral argument that the mere presence of the rule does exert a "chilling effect" upon its members. He claims that the teachers will be less outspoken and vigorous in their participation in academic and union affairs, lest they be terminated without an opportunity to respond to the charges against them.

 While the Court need not analyze anything other than the pleadings on a motion to dismiss, it will consider counsel's assertion, so as to obviate the need to consider the same should plaintiff amend its complaint to include such an allegation. The Court finds that these alleged effects of the Rules are insufficient to warrant the Court's assumption of jurisdiction at this time. The grounds for termination remain the same under the Rules—those specified

---

**3.** See also *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 240–41, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937):

> A "controversy" [to which judicial power extends under the Constitution] must be one that is appropriate for judicial determination. . . . The controversy must be definite

and concrete, touching the legal relations of parties having adverse legal interests. . . . It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be.

by the statute.[4] Thus, any chilling effect must arise from the members' perception that they could be terminated without a chance to present their version of the events at issue. "Allegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm; 'the federal courts established pursuant to Article III of the Constitution do not render advisory opinions.'" *Laird v. Tatum*, 408 U.S. 1, 13–14, 92 S.Ct. 2318, 2325–2326, 33 L.Ed.2d 154 (1972).

The instant matter is somewhat analogous to *Nieves v. Oswald*, 498 F.2d 802 (2d Cir. 1974). In *Nieves* the Second Circuit Court of Appeals faced a due process challenge to the promulgation of disciplinary procedures. In that case, inmates at Attica State Prison filed suit seeking a declaration that the disciplinary procedures promulgated by prison officials to deal with the Attica riots were unconstitutional. After the defendants indicated that no disciplinary proceedings would be initiated against the plaintiffs for their role in the uprising, the court held that the case was not justiciable. It so held while recognizing that some of the plaintiffs remained in prison and might once again become the subject of disciplinary proceedings. However, unlike *Super Tire, supra*, where welfare benefits began immediately upon the commencement of a strike, the court held that the invocation of the disciplinary procedures was "two steps removed from reality," 498 F.2d at 814, for even if the inmates committed offenses that would subject them to the disciplinary procedures, the State then had to decide whether to invoke such procedures.

Similarly, the invocation and enforcement of the NCCSD's Rules are "two steps removed from reality." The conduct or events triggering the termination of tenured teachers, as specified in the statute[5] must first occur, and NCCSD must then decide whether or not to invoke its termination procedure. Moreover, this dispute is made even more speculative by the possibility that once termination proceedings are initiated, the Board may decide not to strictly enforce the specific provisions challenged by the NCCEA.[6]

For the reasons stated above, the Court concludes that the facts alleged do not demonstrate the existence of a "substantial controversy . . . of sufficient immediacy and reality," *Maryland Casualty Co., supra*, to warrant resolution at this time. Accordingly, an order granting defendant's motion to dismiss will be entered.

---

4. *See* note 5 and accompanying text *infra*.

5. 14 *Del.C.* § 1411 provides in relevant part:
 Termination at the end of the school year shall be for 1 or more of the following reasons: Immorality, misconduct in office, incompetency, disloyalty, neglect of duty, wilful and persistent insubordination, a reduction in the number of teachers required as a result of decreased enrollment or a decrease in education services.
 14 *Del.C.* § 1420 provides in relevant part:

Termination of any teacher's services during the school year shall be for one or more of the following reasons: Immorality, misconduct in office, incompetency, disloyalty, neglect of duty, or *wilful and persistent insubordination.*

6. *See Adler v. Board of Education*, 342 U.S. 485, 503–04, 72 S.Ct. 380, 96 L.Ed. 517 (1952) (Frankfurter, J., dissenting) (mere allegation that statutes and Board rules permit action against teachers is insufficient to make out a case or controversy).